UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

BARBARA J. ZINNAMON,

              Plaintiff,

    -against-

NEW YORK STATE DEPT. OF EDUCATION,

              Defendant.
-----------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

08-CV-5149 (ARR)

MEMORANDUM
AND ORDER

ROSS, United States District Judge:

On December 10, 2008, plaintiff Barbara J. Zinnamon, appearing *pro se*, filed this action against defendant New York State Department of Education (DOE) alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination and Employment Act of 1967 (ADEA) and the Americans with Disabilities Act (ADA). The court granted plaintiff's request to proceed *in forma pauperis* and directed plaintiff to file an amended complaint as plaintiff failed to set forth any facts to support a claim of employment discrimination. On January 16, January 22, and February 6, 2009, plaintiff filed amended complaints.[1]

Despite the court's explicit instruction directing plaintiff to clarify her employment discrimination claims, plaintiff has failed to do so. Although plaintiff has included additional documents, these documents and amended pleadings do not support a claim under any of the discrimination statutes that she has invoked. For example, plaintiff continues to check off the boxes invoking Title VII, ADEA and ADA jurisdiction, but does not provide any facts to support discrimination by defendant based on these statutes. Instead, her claim relies solely on the DOE's purported failure to process her fingerprint application.

---

[1] Plaintiff filed the same amended complaint three times. Attached to the amended complaints, plaintiff included documents intended for the United States Court of Appeals. The notice of appeal and motion for extension of time dated December 30, 2008, was filed and transmitted to the United States Court of Appeals.

Specifically, plaintiff alleges that in 2006 she submitted a fingerprint application along with a fee waiver and a money order for $35.00 to the DOE. Plaintiff alleges that defendant failed to process her application and insists that "it is a fact that I could not have been so reluctant to leave apart some information material and enclose some material. This makes a case sorry and weak." Amended Compls. at attached p.5. Plaintiff includes correspondence indicating that the DOE does not have a fingerprint application or fingerprint cards on file for her. See Plaintiff's Unmarked Exhibit, Letter dated May 22, 2007 to Zinnamon from NYS DOE, Office of School Personnel Review and Accountability (OSPRA). It appears that plaintiff attempted to fax an application to OSPRA, but it was rejected because it lacked the appropriate information and fee. See Plaintiff's Unmarked Exhibit, Letter dated September 24, 2007 to Zinnamon from the NYS DOE. The sum and substance of this action is the DOE's purported failure to process her 2006 fingerprint application. Plaintiff believes that the DOE's conduct is "in error" and "someone ... destroyed my fingerprints" and she "will not re-send them again." Amended Compls. at attached p.10.

Having reviewed plaintiff's amended complaints and attached exhibits, the court finds that plaintiff fails to show even by notice pleading standards any facts suggesting discrimination under Title VII, the ADEA or the ADA. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, even liberally construing plaintiff's amended complaints as the court must, see Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), she fails to adequately plead a violation of any employment discrimination laws. "[I]it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz, 534 U.S. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Iwachi v. New York City Bd. of Educ., 126 Fed. Appx. 27, 29 (2d Cir. 2005) ("Because the District Court granted leave to replead and [plaintiff] still failed to comply with Rule 8, it was not an abuse of discretion to dismiss [plaintiff]'s amended complaint with prejudice.").

2

## Conclusion

Accordingly, the action, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). No response to the amended complaints is required. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: February 6, 2009
Brooklyn, New York

SERVICE LIST:

<u>Pro Se Plaintiff</u>
Barbara Zinnamon
345 Livonia Avenue Apt. 4F
Brooklyn, NY 11212
718-385-3228